IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) CIVIL ACTION NO. <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **COMPLAINT** <br> ) **JURY TRIAL DEMAND** |
| SAW CREEK ESTATES COMMUNITY ASSOCIATION, INC. | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and sex, and to provide appropriate relief to Brenda Godfrey who was adversely affected by such practices. Specifically, and as alleged with greater particularity in paragraphs 7 and 8 below, Defendant Employer Saw Creek Estates Community Association, Inc. discriminated against Ms. Godfrey based on her race

(black) in violation of Title VII, when it failed to take appropriate remedial action to eliminate race-based animosity and degradation from white association members/customers. Further, Defendant Employer subjected Ms. Godfrey to a sexually hostile work environment by permitting and condoning the sexually offensive comments of a white male Board member, in violation of Title VII. Although Ms. Godfrey repeatedly complained about both racial and sexual harassment, Defendant failed to take prompt effective remedial action. As a result of the hostility, Ms. Godfrey was compelled to take an extended leave of absence, and suffered back pay, emotional distress, and other damages in violation of Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Employer Saw Creek Estates Community Association, Inc. has continuously been an incorporated association doing business in the State of Pennsylvania, in Pike County, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant Employer Saw Creek Estates Community Association, Inc. has continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Brenda Godfrey filed an individual charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer Saw Creek Estates Community Association, Inc. All conditions precedent to the institution of this

lawsuit have been fulfilled.

   7. Since at least April, 2001, Defendant Saw Creek Estates Community Association, Inc. engaged in unlawful employment practices at its facility in Bushkill, Pennsylvania, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Brenda Godfrey to repeated incidents of unlawful racial harassment and failing to take effective corrective action, as set forth below:

   (1) Brenda Godfrey, an African American female, began her employment with Defendant Saw Creek Estates Community Association, Inc. (hereinafter referred to as "SCECA") on July 9, 2000 as an Administrative Secretary/ Accounts Payable Clerk. She was one of five clerical employees who worked in the business office of the association, and the sole minority employed by Defendant Employer. She reported to the general manager, Nicholas Mazzarella.

   (2) In her position, Ms. Godfrey had considerable contact with property owners in the community, predominantly White, who are members of the association.

   (3) Starting in April, 2001, Brenda Godfrey began to be disparately treated and harassed, based on her race, by white association members/customers of Defendant SCECA. The racially disparate treatment and harassment included,

but was not limited to, the following:

    a.    Ms. Godfrey was regularly subjected to hostility, disrespect, ill-treatment, and racially derogatory comments, despite her recognized satisfactory work performance, from Defendant Employer's customers due solely to the fact that she is black. White members/customers regularly treated Ms. Godfrey in a hostile derogatory manner, and referred to her as "you people," "the colored girl," the "the Black girl" or "nigger."

    b.    White members/customers regularly refused to accept Ms. Godfrey's services or assistance, which was part of her job responsibility within the business office, because of her race.

    c.    In addition, because of her race, a false rumor was spread by the white property homeowners suggesting that Ms. Godfrey was having an illicit affair with her immediate supervisor, Nicholas Mazzarella, who is white.

    d.    The false rumor was then perpetuated by a White member of the Board of Directors, heightening the hostility from property owners to which Ms. Godfrey was subjected. As a Board Member for Defendant Employer, his wrongful conduct imputes Defendant as an "alter ego."

    e.    Member/Customer hostility and abuse was openly directed at Ms. Godfrey because she is black, without any further justification. No other

5

office employee, all of whom are White, was subjected to similar ill-treatment.

  f. Defendant Employer SCECA observed and was regularly informed of the unjustified hostility and tolerated the abuse, failing to take any corrective action and allowing it to continue by, for example, personally servicing the customer without any adverse action.

  g. Pursuant to Defendant Employer's internal procedures, Ms. Godfrey immediately brought this matter to the attention of the General Manager, Nicholas Mazzarella. However, in response, Defendant Employer failed to take any prompt effective corrective action. Further, Defendant Employer's ineffective response was racially motivated. Because the adverse treatment was never addressed, the hostility continued and caused Ms. Godfrey emotional distress and adversely affected her ability to do her work.

  8. Further, beginning in June, 2002, Defendant Employer SCECA engaged in unlawful employment practices at its facility in Bushkill, Pennsylvania, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Brenda Godfrey to repeated incidents of unlawful sexual harassment and failing to take effective corrective action, as set forth below:

  a. Starting in June 2002, a number of homeowners spread a false rumor suggesting that Ms. Godfrey was having an illicit sexual affair with her

6

immediate supervisor and General Manager for the Association, Nicholas Mazzarella.

        b.    Beginning July, 2002 and thereafter, these false rumors were perpetuated by Defendant Employer's Board Member, Richard Krautheimer. Initially he stated to Ms. Godfrey "The word is out that you are doing your boss; hey, what about me?" Thereafter, Mr. Krauthiemer increased his number of weekly visits to the business office and almost every time he encountered Ms. Godfrey he would say something to the effect of "You're doing the boss, so why don't you do me" or "you're doing Nick, how about me.

        c.    Pursuant to Defendant's Employer's policy, Ms. Godfrey immediately and repeatedly brought these rumors to the attention of the General Manager, Nicholas Mazzarella. Further, at the request of the General Manager, Ms. Godfrey reduced her complaints to writing.

        d.    These false rumors and its progeny created a hostile work environment for Ms. Godfrey and caused her great embarrassment, anguish, humiliation, and loss of reputation at work and in her community.

        e.    However, despite notice, Defendant Employer failed to take prompt remedial actions to cause the false rumors and inappropriate sexual comments by the Board Member to stop.

9.  The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Brenda Godfrey of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of her race (Black) and sex (female).

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Godfrey.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial or sexual harassment, and any other employment practice which discriminates on the basis of race and sex.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for minorities, which provide for a harassment-free work environment, and which eradicate the effects of its past and present unlawful employment practices.

8

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination, harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Brenda Godfrey by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Brenda Godfrey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including,

but not limited to out-of-pocket losses, in amounts to be determined at trial.

  H. Order Defendant Employer to make whole Brenda Godfrey by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7and 8 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

  I. Order Defendant Employer to pay Brenda Godfrey punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

         Respectfully submitted,

         James L. Lee
         Deputy General Counsel

         Gwendolyn Young Reams
         Associate General Counsel

Equal Employment Opportunity
Commission

_____
Jacqueline H. McNair
Regional Attorney

_____
Judith A. O'Boyle
Supervisory Trial Attorney

s/_____
IRIS SANTIAGO FLORES
Senior Trial Attorney
EEOC, Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2684(direct)
(215) 440-2828(fax)
PA Bar Id No.: PA60171
Iris.Santiago-Flores@eeoc.gov

11